IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:21-CR-38-KAC-DCP |
| BENJAMIN ALAN CARPENTER, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 18, 2021, for a pretrial conference, pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 2, and motion hearing on the Government's Motion for Entry of Protective Order Governing Discovery [Doc. 17] and Defendant Benjamin Carpenter's Motion to Continue Trial, All Other Dates and Deadlines [Doc. 23].[1] Assistant United States Attorneys Casey T. Arrowood and Gretchen Mohr appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant Carpenter, who was also present.

The Court first addressed the Government's Motion for a Protective Order. The Court heard argument on this motion on May 4, 2021. Thereafter, the Government filed a Supplement to Motion for Protective Order Governing Discovery [Doc. 27], with an attached proposed protective order [Doc. 21-1], to which both parties agreed. At the hearing, Mr. Sharp stated that

---

[1] The Court also addressed the Government's Motion to Designate a Classified Information Security Officer [Doc. 28], which is granted in a separate Order [Doc. 31].

the parties had worked on the issues of concern so that Defendant could begin the review of discovery. Accordingly, the Government's Motion for Entry of Protective Order Governing Discovery [**Doc. 17**] is **GRANTED**, and the Court has approved and entered the revised, proposed protective order [Doc. 30].

On April 15, 2021, the Government filed a Motion for Pretrial Conference Pursuant to 18 U.S.C. App. IIII (CIPA), Section 2 [Doc. 22], stating that it anticipates this case will involve issues relating to the discovery of classified information. The motion states that the requested pretrial conference is not opposed by Defendant. At the May 4 hearing, the Court informed the parties that it would conduct the CIPA § 2 pretrial conference at the May 18 hearing. Accordingly, the Government's motion for a CIPA § 2 pretrial conference [**Doc. 22**] is **GRANTED**. The Court deferred the Defendant's Motion to Continue to the May 18 hearing, so that the parties could discuss how the issues related to classified information will affect the trial date and the schedule.

AUSA Arrowood stated that the Government has completed its review of the discovery materials relating directly to Defendant Carpenter. He said those discovery materials have been disclosed to defense counsel or are ready to be disclosed. However, he stated that this case involves numerous foreign actors and a significant amount of classified material. The Government intends to review that material and request declassification of what it can. AUSA Arrowood proposed providing the remaining declassified discovery materials to defense counsel by August 2, 2021. He said he anticipates that some materials will remain classified and will be the subject of a CIPA § 4 motion. He stated that the Government would be able to file its CIPA § 4 motion by August 13, 2021. Finally, AUSA Arrowood observed that the Government continues to receive materials related to this case and that it may need to file another CIPA § 4 motion after August 13 in relation to additional classified information.

In his motion [Doc. 23], the Defendant asks to continue the July 21 trial, the motion deadline, and other pretrial deadlines, because counsel has yet to review the discovery, pending a ruling on the Government's motion for a protective order. At the May 18 hearing, Mr. Sharp stated that he has not opened the one terabyte of discovery he received thus far and, as a result, did not know when he would be able to file pretrial motions. Regarding the potential classified information, Mr. Sharp expressed concern about the restriction of exculpatory information from discovery. He requested the opportunity to respond *ex parte* to the Government's § 4 motion. The Court informed counsel that in another case involving classified information and a CIPA § 4 motion by the Government, the Court permitted the defendant to file an *ex parte* statement outlining his defense for the Court to consider while ruling on the Government's CIPA § 4 motion. The Court will permit the same in this case and set a deadline of August 13, for the Defendant to file an *ex parte* statement of his defense theory for the Court's consideration. The Government did not oppose the Defendant filing an *ex parte* statement of the defense theory.

The Court inquired as to the parties' positions on whether this case should be classified as complex for speedy trial purposes. AUSA Arrowood said the Government moves for the Court to find this case is complex, noting that in addition to the issues regarding classified information, the Defendant has previously flagged potential First Amendment and freedom of religion issues in this case. He also noted the need for the District Judge's staff to get security clearance to work on the CIPA § 4 motion, which could also cause a delay. Mr. Sharp stated he would leave the matter of whether this case should be declared complex to the Court's discretion. However, he noted that Defendant Carpenter is anxious to proceed to trial. The parties agreed that they were available for trial on January 18, 2021.

3

The Court finds the motion to continue the motion deadline and trial is unopposed by the Government and is well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that this case involves novel issues of fact and law, to include information that the Government seeks to withhold from discovery under CIPA. Litigation of the CIPA issue will take seven months, based on the Government's best estimate of when it can file the § 4 motion. The Court also finds this case involves voluminous discovery. Due to the nature of the prosecution and the presence of novel issues of fact and law, the Court finds that "it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Thus, the Court finds this case to be complex for speedy trial purposes. *Id.*

Additionally, the Court finds that the parties recently agreed to a protective order and defense counsel has yet to review the discovery. The Government anticipates providing additional discovery relating to foreign actors on or before August 2, 2021. The Court finds that defense counsel needs time to review the discovery, investigate the facts of the case, prepare and file pretrial motions, confer with Defendant, and prepare the case for trial. The Court finds that litigation of the issues relating to classified information and the remaining trial preparations cannot take place in less than eight months. Thus, the Court finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue [**Doc. 23**] is **GRANTED**. The trial of this case is reset to **January 18, 2022**. The Court finds that all the time between the filing of the motion on April 22, 2021, and the new trial date of January 18, 2022, is fully excludable time under the Speedy

Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also set a new schedule in this case, which is stated in detail below. Accordingly, it is **ORDERED** as follows:

(1) The Government's Motion for Entry of Protective Order Governing Discovery [**Doc. 17**] is **GRANTED**, and the Court has approved and entered the revised, proposed protective order [**Doc. 30**];

(2) The Government's Motion for Pretrial Conference Pursuant to 18 U.S.C. App. IIII (CIPA), Section 2 [**Doc. 22**] is **GRANTED**. The Court held the CIPA § 2 pretrial conference on May 18, 2021;

(3) The Defendant's Motion to Continue Trial, All Other Dates and Deadlines [**Doc. 23**] is **GRANTED**;

(4) The trial of this matter is reset to commence on **January 18, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(5) All time between the filing of the motion on **April 22, 2021**, and the new trial date of **January 18, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) This case is declared to be **COMPLEX** for purposes of the Speedy Trial Act;

(7) The new deadline for filing all pretrial motions and for the Government to file a CIPA § 4 motion is **August 13, 2021**. This date is also the deadline for the Defendant to file an *ex parte* statement of the theory of his defense for the Court to consider along with the CIPA § 4 motion;

(8) Responses to pretrial motions are due on or before **August 27, 2021**;

(9) The parties shall appear before the undersigned on **September 8, 2021, at 10:30 a.m.**, for a motion hearing on all pending motions not related to CIPA;

(10) The Court will determine whether an *ex parte* hearing on the Government's CIPA § 4 motion is needed after reviewing the motion;

(11) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **December 20, 2021**;

5

Case 3:21-cr-00038-KAC-DCP   Document 32   Filed 05/27/21   Page 5 of 6   PageID #: 210

(12) Motions *in limine* must be filed no later than **January 3, 2022**;

(13) The final pretrial conference will take place before the undersigned on **January 6, 2022, at 11:00 a.m.**; and

(14) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 7, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge