UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-CR-38 |
| BENJAMIN ALAN CARPENTER<br>a/k/a "Abu Hamza" | Judges Crytzer / Poplin |

## GOVERNMENT'S MEMORANDUM REGARDING *FARETTA* HEARING

The United States of America, by Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, respectfully submits this memorandum regarding defense counsel's Motion to Withdraw as Counsel and Request for a *Faretta* Hearing [Doc. 34], which is scheduled for a hearing on August 11, 2021.

If the Defendant states at the hearing that he wishes to represent himself, the Court should conduct a *Faretta* inquiry. While a defendant has the constitutional right to self-representation, the decision to waive counsel is valid only if the waiver is clear and unequivocal. *Cassano v. Shoop*, 1 F.4th 458, 469 (6th Cir. 2021) ("To be sure, [Petitioner] was required to 'clearly and unequivocally assert [] his right to proceed pro se.'" (quoting *United States v. Cromer*, 389 F.3d 662, 682 (6th Cir. 2004))).

The Sixth Circuit has adopted the model *Faretta* inquiry set forth in the *Benchbook for U.S. District Court Judges*. *Cromer*, 389 F.3d at 680. While meticulous adherence to the model inquiry is not required, the Sixth Circuit has held that a *Faretta* hearing requires substantial compliance with the model inquiry. *United States v. Miller*, 910 F.2d 1321, 1324 (6th Cir. 1990).

Nevertheless, the United States respectfully recommends the Court follow the model inquiry set forth in the *Benchbook for U.S. District Court Judges* 1.02(C) (6th ed. 2013) and supplement the inquiry, if necessary, to ensure that the following topics are covered with the Defendant.

**A.      Defendant's Waiver of Counsel is Unequivocal**

The Defendant must unequivocally state on the record that he is aware that he has a constitutional right to be represented by counsel, but that he desires to waive that right and proceed *pro se*.

**B.      Defendant's Background and Experience**

1.      The Defendant's educational background.

2.      The Defendant's work experience.

3.      The Defendant's training in the law and knowledge of the legal system, including whether he has ever studied the law.

4.      The Defendant's prior experience with the legal system (as a party, juror, or witness).

5.      The Defendant's physical and mental health.

6.      Whether any threats or promises have been made by anyone to influence the Defendant's decision.

**C.      The Nature of the Charge**

The Defendant is charged in an Indictment with Attempted Provision of Material Support to a Designated Foreign Terrorist Organization in violation of Title 18, United States Code, Section 2339B.

The elements of the crime are:

2

First, the Defendant knowingly attempted to provide material support or resources to a foreign terrorist organization;

Second, the Defendant knew that the organization was a designated foreign terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and

Third, one of the jurisdictional elements set forth in 18 U.S.C. § 2339B(d) is satisfied.

**D.  The Possible Penalty**

The maximum statutory penalty for the crime charged in the Indictment is imprisonment for up to twenty (20) years, a fine of up to $250,000, a lifetime period of supervision upon release from prison, and a special assessment of $100.

**E.  The Dangers and Disadvantages of Self-Representation**

The United States also requests that the Court review the following matters with the Defendant:

1.  The Defendant's familiarity with the Federal Rules of Evidence.  The Defendant should be advised that the Federal Rules of Evidence will govern what evidence may or may not be introduced at trial and that the Defendant must abide by those rules in representing himself.

2.  The Defendant's familiarity with the Federal Rules of Criminal Procedure.  The Defendant should be advised that these rules govern the way in which a criminal case is tried in federal court.

3.  The Defendant should be warned about the dangers of self-representation including limited access to investigators, law books, and other legal resources.

4.  The Defendant should be advised that he must meet the standards of a practicing attorney in dealing with courtroom procedures and in conducting himself in the courtroom.

5.       The Defendant should be advised that he would be required to prepare jury instructions and he should be warned of the complicated nature of those instructions in cases involving alleged violations of 18 U.S.C. § 2339B.

6.       The Court should fully advise the Defendant of the benefits of being represented by an attorney.

Respectfully submitted on August 9, 2021.

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

By:       */s/ Casey T. Arrowood*
          Casey T. Arrowood
          Assistant United States Attorney
          TN BPR No. 038225
          800 Market Street, Suite 211
          Knoxville, TN 37902
          (865) 545-4167
          Casey.Arrowood2@usdoj.gov

4