UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BENJAMIN ALAN CARPENTER, )<br>)<br>Defendant. ) | No. 3:21-CR-28-KAC-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the undersigned on Defendant's Motion to Continue Motion Deadline [Doc. 33] and Motion to Withdraw as Counsel and Request for a *Faretta* Hearing [Doc. 34]. Defendant's motion [Doc. 34] informs the Court that he no longer wants Federal Defender Services of Eastern Tennessee ("FDS") to represent him but, instead he wants to represent himself with the assistance of substitute standby counsel. Defendant also moves [Doc. 33] the Court to continue the August 13 motion deadline sixty days. The Government responds [Doc. 35] that it does not object to an extension of the motion deadline and asks that this extension also apply to the Government's CIPA § 4 motion.

By way of background, the Court observes that on March 24, 2021, the undersigned appointed Assistant Federal Defender Benjamin G. Sharp and FDS to represent Defendant Benjamin Carpenter [Doc. 70]. At the initial appearance, the Government informed the Court that this case involves issues relating to the discovery of classified information. The parties subsequently entered into an agreed Protective Order [Doc. 30] on discovery disclosure. On May 18, 2021, the Court held a pretrial conference under § 2 of the Classified Information Procedures Act ("CIPA"). Also, at the May 18 hearing, the Court continued the trial of this case to January

18, 2022, with a deadline of August 13, 2021, for pretrial motions and for the Government to file a motion under CIPA § 4. August 13 was also set as the deadline for the Defendant to file an *ex parte* statement of his theory of defense for the Court to consider with the CIPA § 4 motion.

The parties appeared on August 11 for a hearing on the pending motions relating to Defendant's representation and the motion deadline. Assistant United States Attorney Casey T. Arrowood represented the Government. Assistant Federal Defender Benjamin G. Sharp appeared with Defendant Carpenter.

I. **REPRESENTATION**

Mr. Sharp stated that in the last three to four weeks, Defendant Carpenter told him that he wanted to represent himself. Mr. Sharp said he met with Defendant and reviewed the pitfalls of self-representation; however, Defendant Carpenter remained steadfast that he wanted to represent himself. Mr. Sharp said he spoke with Defendant again just prior to the hearing, and Defendant confirmed that he still wants to represent himself. AUSA Arrowood said the Government relies on its response [Doc. 36], which asks the Court to conduct an inquiry to allow it to determine that Defendant's waiver of counsel is clear and unequivocal.

The Court conducted a sealed, *ex parte* session to learn the nature and extent of any issues with the attorney-client relationship and to explore Defendant's request to represent himself. Based on that conversation, the Court finds Defendant wants to represent himself.[1] Following the Government's return and with the hearing unsealed, the Court advised Defendant Carpenter of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* 1.02(C) (5th ed. 2007). The Court finds that Defendant Carpenter has not studied law, with the exception of

---

[1] The Court also notes that Defendant Carpenter had the opportunity to talk with CJA Panel Attorney Stephen G. McGrath about his case and the role of elbow counsel.

his review during the last four months of the case law on the statute with which he is charged. Defendant Carpenter has never represented himself in a criminal case. AUSA Arrowood reviewed the charge and the potential penalty. Defendant said he understood the charge against him and is aware of the potential penalties and that he still wants to represent himself. Defendant said he was not very familiar with either the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, but he understood that these rules control the evidence permitted and the proper procedure in his case. The Court instructed and Defendant acknowledged that these rules will not be relaxed because he is representing himself. The Court informed Defendant Carpenter that he would be better off being represented by counsel, but Defendant stated that he still wanted to represent himself.

Despite the Court's strong recommendation that he accept counsel, Defendant Carpenter stated that he wants to represent himself. Based upon the Defendant's answers to the *McDowell* questions and the discussion during the *ex parte* portion of the hearing, the Court finds that the Defendant knowingly and voluntarily waives his right to counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may represent himself, if his decision to do so is voluntary and intelligent). Mr. Sharp and FDS are **RELIEVED** of their representation of Defendant Carpenter, who is permitted to represent himself.[2]

The Court next considered the appointment of standby or elbow counsel in this case. The appointment of elbow counsel does not violate a defendant's right to represent him- or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta*, 422 U.S. at 834 n.36 (1975). The court may appoint standby counsel to help the defendant and to represent the defendant if self-

---

[2] Mr. Sharp and FDS are to maintain physical custody of the discovery until an amended protective order is in place. Once the amended protective order is filed by the Court, Mr. Sharp shall provide the discovery to elbow counsel.

3

representation must be terminated. *Id.* Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

In the instant case, elbow counsel will have an enhanced role, because the Protective Order permits Defendant to review "sensitive discovery materials" only in the presence of counsel or members of the defense team [Doc. 30, ¶9]. Defendant may not retain a copy of sensitive discovery materials [Doc. 30, ¶9]. Thus, elbow counsel will have to maintain these materials and provide them to Defendant for his review.

With these principles in mind, the Court finds the appointment of elbow counsel in this case to be appropriate. Attorney Stephen G. McGrath was present at the August 11 hearing and agreed to serve as elbow counsel in this case. The Court **APPOINTS** Mr. McGrath to serve as elbow counsel for Defendant Carpenter pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. To the extent possible, Mr. McGrath shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. McGrath should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like

the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete. Mr. McGrath may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. Mr. McGrath agreed to assist Defendant Carpenter with certain discovery materials in this case, as provided by the amended protective order.[3] Finally, the Court may ask Mr. McGrath to represent Defendant Carpenter should he decide that he wants the Court to appoint counsel for him or if the termination of self-representation becomes necessary.

In summary, Mr. Sharp's motion to withdraw [**Doc. 34**] is **GRANTED**, and he and FDS are **RELIEVED** of further representation of Defendant Carpenter, with the exception of maintaining custody of the discovery until an amended protective order is filed. After the amended protective order is entered, Mr. Sharp is **DIRECTED** to provide the discovery and other information from Defendant's file to elbow counsel, who will in turn provide it to Defendant Carpenter, subject to the amended protective order. Defendant Carpenter's requests to represent himself and for the appointment of elbow counsel are also **GRANTED**. Mr. McGrath shall serve as elbow counsel.

II.   **CONTINUANCE OF MOTION DEADLINE**

Defendant asks that the August 13, 2021 deadline for filing pretrial motions be extended sixty days, to give him time to file pretrial motions. The Government joins in this motion, requesting a sixty-day extension of the deadline for filing a motion pursuant to CIPA § 4. At the August 11 hearing, Mr. McGrath conferred with Defendant and informed the Court that a

---

[3] During the sealed portion of the hearing, Mr. McGrath discussed his role as elbow counsel with the Court and Defendant Carpenter. The Court emphasizes that the role of elbow counsel is primarily administrative and focused on procedure. Elbow counsel is not obligated to give legal advice on substantive issues.

5

Case 3:21-cr-00038-KAC-DCP   Document 38   Filed 08/16/21   Page 5 of 7   PageID #: 227

continuance to October 22 would permit Defendant Carpenter to file his pretrial motions. The Court finds the parties have shown good cause for an extension of the motion deadline. The Court observes that this extension is necessary to allow for an amended protective order and the transfer of the discovery to elbow counsel.

The Motion to Continue Motion Deadline [**Doc. 33**] is **GRANTED**. The deadline for filing pretrial motions, for the Government's CIPA § 4 motion, and for the Defendant to file an *ex parte* summary of his theory of defense is extended to **October 22, 2021**. The deadline for responding to pretrial motions is extended to **November 5, 2021**. The motion hearing set for September 8, 2021, at 10:30 a.m., is **CANCELED**. The Court will set a new motion hearing, if necessary, after pretrial motions are filed. All other dates and deadlines in this case remain the same at this time.

### III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) The Motion to Withdraw as Counsel and Request for a *Faretta* Hearing [**Doc. 34**], is **GRANTED**. Assistant Federal Defender Benjamin G. Sharp and FDS are **RELIEVED** of their representation of Defendant Carpenter. Mr. Sharp and FDS are **DIRECTED** to retain custody of the discovery until an amended protective order is filed. Following the entry of the amended protective order, Mr. Sharp and FDS are **DIRECTED** to provide the discovery and information from the Defendant's file to elbow counsel;

(2) The Court finds Defendant Carpenter has knowingly and voluntarily waived his right to counsel. Defendant Carpenter's request to represent himself is **GRANTED**;

(3) Attorney Stephen G. McGrath is **APPOINTED** as elbow counsel and his role is outlined herein. Mr. McGrath is **DIRECTED** to provide and/or disclose the discovery to Defendant Carpenter in accord with and subject to the amended protective order;

(4) The Motion to Continue Motion Deadline [**Doc. 33**] is **GRANTED**. The deadline for filing pretrial motions, for the Government's CIPA

6

Case 3:21-cr-00038-KAC-DCP   Document 38   Filed 08/16/21   Page 6 of 7   PageID #: 228

§ 4 motion, and for the Defendant to file an *ex parte* summary of his theory of defense is extended to **October 22, 2021**;

(5) The deadline for responding to pretrial motions is extended to **November 5, 2021**;

(6) The motion hearing set for September 8, 2021, at 10:30 a.m., is **CANCELED**. The Court will set a new motion hearing, if necessary, after pretrial motions are filed; and

(7) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Carpenter at the jail in Laurel County, Kentucky.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge