UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-CR-38 |
| v. | |
| | Judges Crytzer / Poplin |
| BENJAMIN ALAN CARPENTER a/k/a "Abu Hamza" | |

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The United States of America, by Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, respectfully submits this response in opposition to the Defendant's Motion for Dismissal on the Grounds the Indictment is Insufficient, (Doc. 40). Because the indictment contains the elements of the charged offense, fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense, the Defendant's Motion should be denied.

I.    **Background**

On March 23, 2021, a grand jury in the Eastern District of Tennessee returned a one-count indictment charging the Defendant with attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B. (Doc. 3, Indictment). In addition to the § 2339B charge, the indictment includes forfeiture allegations.

The indictment alleges that from on or about January 30, 2021 to on or about February 14, 2021, in the Eastern District of Tennessee and elsewhere, the Defendant knowingly attempted to provide material support and resources to a foreign terrorist organization. The indictment further identifies the foreign terrorist organization as the Islamic State of Iraq and al-

Sham ("ISIS") and alleges that ISIS was, and is, designated by the U.S. Secretary of State as a foreign terrorist organization. The indictment also specifies that the "material support and resources" the Defendant attempted to provide included, among other things, services. The indictment further alleges that the Defendant provided services to ISIS knowing that ISIS was a designated foreign "terrorist organization," that ISIS engages and has engaged in "terrorist activity," and that ISIS engages and has engaged in "terrorism," as these terms are defined in federal law.

## II.   <u>Argument</u>

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." To satisfy Rule 7, an indictment must "fully, directly, and expressly … set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Howard*, 947 F.3d 936, 943 (6th Cir. 2020) (quoting *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008)). "[A]n indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The indictment contains the elements of the charged offense and closely tracks the relevant statutory language from § 2339B. Specifically, the indictment charges that (1) the Defendant knowingly attempted to provide material support and resources, specifically services, to ISIS; (2) that the Defendant attempted to provide material support and resources to ISIS knowing that ISIS was a designated foreign "terrorist organization," that ISIS engages and has

engaged in "terrorist activity," and that ISIS engages and has engaged in "terrorism," as these terms are defined in federal law; and (3) that ISIS was, during all times relevant to the indictment, designated as a foreign terrorist organization by the U.S. Secretary of State.

Given that the indictment contains the elements of the charged offense and tracks the statutory language, the Defendant is fairly informed of the charge against which he has to defend. *See Anderson*, 605 F.3d at 411 (concluding that the indictment fairly informed the defendant of the charge because it tracked the statutory language and contained the elements of the charged offense); *United States v. Collis*, 128 F.3d 313, 317 (6th Cir. 1997) (holding that an indictment was sufficient because "[t]he charged offense fully tracks the relevant language of" the statute).

The indictment also alleges that the crime charged occurred during a specific fifteen-day period of time and it identifies the specific foreign terrorist organization involved, ISIS. Accordingly, the Defendant is adequately able to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Anderson*, 605 F.3d at 411 (concluding that the indictment satisfied the second prong of the *Hamling* test where it "included the relevant time period and the specific event that triggered the charge against [the defendant]").

The Defendant's reliance on *United States v. Awan*, 459 F.Supp.2d 167 (E.D.N.Y. Oct. 26, 2006) is misplaced. In *Awan*, the defendant was charged in a three-count superseding indictment for terrorism offenses. Counts One and Two of that indictment are relevant here and both alleged violations of 18 U.S.C. § 2339A. Count One alleged that between 1998 and February 2005, the defendant conspired with others to provide material support and resources, knowing that they were to be used in preparation for, and in carrying out, a conspiracy to murder, kidnap or maim a person outside the United States. Count Two alleged that between 1998 and

November 6, 2001, the defendant provided material support and resources knowing that they were to be used in preparation for, and in carrying out, a conspiracy to murder, kidnap or maim a person outside the United States. *Awan*, 459 F.Supp.2d at 173.

The defendant filed a motion to dismiss the indictment and argued with respect to Counts One and Two that the indictment failed "to provide the sufficient factual detail as to what 'material support or resources' [the] defendant provided and at what times." *Id*. at 174. The district court credited the defense argument and granted the motion to dismiss Counts One and Two without prejudice. *Id*. at 191. The district court concluded that the indictment failed in that it alleged "material support" without indicating "which of a variety of activities, any one of which would be criminal, that the defendant must defend against or which the grand jury considered." *Id*. at 176.

Unlike the indictment in *Awan*, the indictment in this case does not simply allege that the Defendant attempted to provide "material support and resources." Here, the indictment further alleges that the "material support and resources" that the Defendant attempted to provide specifically included "services," which is expressly identified as a sub-category under the definition of "material support and resources." *See* 18 U.S.C. § 2339A(b)(1) ("The term 'material support or resources' means any property, tangible, or intangible, or service ….").

Moreover, the timeframe of the charge in this case underscores the specificity of the allegations against which the Defendant has to defend. Unlike in *Awan* where the defendant was charged in Count One with participating in a seven-year conspiracy to provide material support and resources or in Count Two where the defendant was charged with providing material support and resources over nearly a four-year period, the charge in this case alleges the Defendant's attempted provision of services to ISIS occurred during a specific fifteen-day period.

4

Accordingly, the indictment in this case is readily distinguishable from the indictment at issue in *Awan*. The indictment here not only alleges that the Defendant attempted to provide "material support and resources," but further alleges that the type of material support provided by the Defendant included services. Moreover, the indictment in this case alleges a specific fifteen-day time period during which the crime occurred. As such, the indictment fairly informs the Defendant of the charge against which he must defend.

If the Defendant seeks more detail regarding the allegations in the indictment, he may file a motion for a bill of particulars. However, from the beginning of the case, the Government has provided a significant amount of detail to the Defendant about the charged offense. At the Defendant's initial appearance on the day of his arrest, the Government provided his counsel with an unredacted affidavit in support of a search warrant for the Defendant's residence, (3:21-MJ-2055). That search warrant affidavit, which was subsequently made public in redacted form as an exhibit during the detention hearing, describes the specific translation services provided by the Defendant during the timeframe alleged in the indictment. In addition, the Government met with the Defendant's previous counsel and identified in the discovery productions where the evidence supporting the crime alleged in the indictment could be located.

Regardless of whether the Defendant may be entitled to a bill of particulars, the allegations in the indictment are sufficient. The "true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet …." *United States v. Debrow*, 346 U.S. 374, 377 (1953) (internal quotations and citations omitted). In this case, the indictment is sufficient because it contains the elements of the charged offense, fairly informs the defendant of the charge against which he

5

must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

**III.** **Conclusion**

For the reasons stated herein, the Defendant's Motion for Dismissal on the Grounds the Indictment is Insufficient should be denied.

Respectfully submitted on September 7, 2021.

<div style="margin-left: 40%;">

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

By:     */s/ Casey T. Arrowood*
        Casey T. Arrowood
        Assistant United States Attorney
        TN BPR No. 038225
        800 Market Street, Suite 211
        Knoxville, TN 37902
        (865) 545-4167
        Casey.Arrowood2@usdoj.gov

</div>

6