UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:21-CR-38-KAC-DCP |
| BENJAMIN ALAN CARPENTER, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the undersigned on November 4, 2021, for a motion hearing on the Motion to Withdraw as Elbow Counsel and Appoint Substitute Elbow Counsel [Doc. 46] and Defendant's *pro se* Motion to Continue Pretrial Motion Deadline [Doc. 47]. Assistant United States Attorney Casey T. Arrowood represented the Government. Defendant Carpenter, who represents himself, appeared with elbow counsel Attorney Stephen G. McGrath.

I. **SUBSTITUTION OF ELBOW COUNSEL**

On August 11, 2021, the undersigned found that Defendant Carpenter knowingly and voluntarily waived his right to counsel, and the Court permitted Defendant to represent himself [Doc. 38]. At Defendant's request, the Court appointed Attorney McGrath as elbow counsel [Doc. 38]. During a sealed portion of the August 11 hearing, the Court discussed the role of elbow counsel with Defendant and Mr. McGrath. Mr. McGrath now seeks to withdraw as elbow counsel and to have new elbow counsel appointed, contending he and Defendant Carpenter have a conflict of interest stemming from philosophical differences and their relationship is irreparably broken [Doc. 46].

At the November 4 hearing, Mr. McGrath stated that although he and Defendant have an amicable relationship, they have different visions for how Mr. McGrath should assist Defendant in this case. Mr. McGrath said he has met with Defendant four times, hired a private investigator, and has started going over the discovery with Defendant Carpenter. Mr. McGrath said his and Defendant's positions on his role are too far apart for him to continue to serve as elbow counsel and that the substitution of new counsel is in Defendant's best interest. AUSA Arrowood said the Government takes no position on this motion.

The Court conducted a sealed, *ex parte* session with Defendant Carpenter and Mr. McGrath to learn the nature and extent of the problems with the attorney-client relationship. Based on the representations by Defendant and counsel in the sealed session, the Court finds that a breakdown has occurred in the trust necessary to the attorney-client relationship, which compromises Mr. McGrath's ability to serve as elbow counsel. The Court also concludes that the breach of trust in the attorney-client relationship is irreparable and that Defendant would benefit from the perspective of new elbow counsel. Accordingly, the Court finds that good cause exists to substitute new elbow counsel under the unique circumstances of this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Mr. McGrath's motion to withdraw [**Doc. 46**] is **GRANTED**, and Mr. McGrath is **RELIEVED** as elbow counsel for Defendant Carpenter. Mr. McGrath is **DIRECTED** to provide the discovery and the information from the Defendant's file to new counsel soon as possible.

The Court has previously found the appointment of elbow counsel to be appropriate in this case [Doc. 38]. The appointment of elbow counsel does not violate a defendant's right to represent him- or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta*, 422 U.S. at 834 n.36 (1975). Instead, the court may appoint standby counsel to help the defendant and to represent the

defendant if self-representation must be terminated. *Id.* Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

In the instant case, elbow counsel has an enhanced role, because the Amended Protective Order permits Defendant to review "sensitive discovery materials" only in the presence of counsel or members of the defense team [Doc. 42, ¶9]. Defendant may not retain a copy of sensitive discovery materials [Doc. 42, ¶9]. Thus, elbow counsel must maintain these materials and provide them to Defendant for his review.

The Court recognizes the need for the Defendant to have the assistance of elbow counsel in this case, particularly in light of the nature of the discovery. Attorney Wade V. Davies was present at the November 4 hearing and agreed to serve as elbow counsel for Defendant Carpenter. The Court **SUBSTITUTES** and **APPOINTS** Mr. Davies as elbow counsel for Defendant. *See* Criminal Justice Act, 18 U.S.C. § 3006A. To the extent possible, Mr. Davies shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. Davies should help the Defendant overcome routine procedural or evidentiary

obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete. Mr. Davies may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. Mr. Davies shall also assist Defendant Carpenter with certain discovery materials in this case, as provided by the Amended Protective Order [Doc. 42]. The Court emphasizes that the role of elbow counsel is primarily administrative and focused on procedure. Finally, the Court may ask Mr. Davies to represent Defendant Carpenter should he decide that he wants the Court to appoint counsel for him or if the termination of self-representation becomes necessary.

## II. CONTINUANCE OF MOTION DEADLINE AND TRIAL

Defendant asks that the October 22, 2021 deadline for filing pretrial motions be extended sixty days, to give him time to review the discovery [Doc. 47]. The Government does not oppose this request and asks to also extend the deadline for filing a motion pursuant to § 4 of the Classified Information Procedures Act ("CIPA") for sixty days [Doc. 48]. After the substitution of elbow counsel at the November 4 hearing, the Court gave the Defendant time to confer with Mr. Davies, with Mr. McGrath present to offer information on the nature and amount of the discovery. The Court observed that extending the October 22 motion deadline sixty days to December 22, 2021, would necessitate a continuance of the January 18, 2022 trial date, likely to June 2022.

During the recess, the parties agreed on a new trial date of August 23, 2022. Mr. Davies asked the Court to extend the Defendant's motion deadline 120 days, to give time for him to review and assist Defendant Carpenter with the discovery. AUSA Arrowood had no objection to that request. At Defendant's request, the Court extended the motion deadline to February 22, 2022.

4

This date will also be the new deadline for the Government's CIPA, § 4 motion. The Court set a hearing on all pretrial motions for March 31, 2022, at 9:30 a.m.

The Court finds the motion to continue the motion deadline is unopposed by the Government and is well-taken. Moreover, the Court finds that the extension of the motion deadline by 120 days places the motion deadline well beyond the trial date and requires a continuance of the trial. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds a trial continuance is warranted due to the complexity of this case, the appointment of new elbow counsel, and the need to file and litigate pretrial motions.

First, the Court has already found this case to be complex because it involves novel issues of fact and law, to include information that the Government seeks to withhold from discovery under CIPA [Doc. 32]. The Court also observes that this case involves voluminous discovery. Due to the nature of the prosecution and the presence of novel issues of fact and law, the Court continues to find that "it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). This case remains complex for speedy trial purposes. *Id.*

Additionally, the Court finds that it has just substituted new elbow counsel and that both Defendant Carpenter and new elbow counsel have yet to review the discovery in this case. The Court finds that Defendant, who is representing himself, needs time to review the discovery, prepare and file pretrial motions, and prepare the case for trial. The Court finds that litigation of the issues relating to classified information and the pending motion to dismiss the Indictment [Doc. 40] and the remaining trial preparations cannot take place in less than nine and one-half months. Thus, the Court finds that without a continuance, the parties would not have the reasonable time

5

Case 3:21-cr-00038-KAC-DCP   Document 53   Filed 11/05/21   Page 5 of 7   PageID #: 447

necessary to prepare for trial, even proceeding with due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the trial of this case is **CONTINUED** by agreement of the parties to **August 23, 2022**. The Court finds that all the time between the filing of the motion to extend the motion deadline on October 14, 2021, and the new trial date of August 23, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also set a new schedule in this case, which is stated in detail below.

### III. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

(1) Attorney Stephen G. McGrath's Motion to Withdraw as Elbow Counsel and Appoint Substitute Elbow Counsel [**Doc. 46**] is **GRANTED**. Mr. McGrath is **RELIEVED** as elbow counsel for Defendant Carpenter. Mr. McGrath is **DIRECTED** to provide the discovery and information from the Defendant's file to new elbow counsel as soon as possible;

(2) Attorney Wade V. Davies is **SUBSTITUTED** and **APPOINTED** as elbow counsel and his role is outlined herein. Mr. Davies is **DIRECTED** to provide and/or disclose the discovery to Defendant Carpenter in accord with and subject to the Amended Protective Order [Doc. 42];

(3) Defendant's pro se Motion to Continue Pretrial Motion Deadline [**Doc. 47**] and oral motion to extend the motion deadline 120 days are also **GRANTED**. The deadline for filing pretrial motions and for the Government's CIPA, § 4 motion is extended to **February 22, 2022**;

(4) The Court finds that the Defendant's request to extend the motion deadline requires a continuance of the January 18, 2022 trial date in this case, and the trial is **CONTINUED**. The trial of this matter is reset to commence on **August 23, 2022, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(5) All time between the filing of the motion to extend the motion deadline on **October 14, 2021**, and the new trial date of **August 23,**

**2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) Responses to pretrial motions are due on or before **March 8, 2022**. This date is also the deadline for Defendant Carpenter to file an *ex parte* summary of his theory of defense for the Court's consideration in conjunction with the Government's *ex parte* CIPA, § 4 motion;

(7) Reply briefs may be filed on or before **March 22, 2022**;

(8) The parties are to appear before the undersigned for a hearing on all pending pretrial motions (except for the Government's CIPA, § 4 motion[1]) on **March 31, 2022, at 9:30 a.m.**;

(9) The deadline for filing a plea agreement in the record and for providing reciprocal discovery is **July 22, 2022**;

(10) The deadline for filing motions *in limine* is **July 25, 2022**. Responses to motions *in limine* are due on **August 1, 2022**;

(11) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **August 12, 2022**; and

(12) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Carpenter at the jail in Laurel County, Kentucky.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] The Court will determine whether an *ex parte* hearing on the Government's CIPA, § 4 motion is needed after reviewing the motion.