

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN ALAN CARPENTER<br>a/k/a "Abu Hamza" | Case No. 3:21-CR-38<br><br>Judges Crytzer / Poplin |

### SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
**(Attempted Provision of Material Support to a Designated Foreign Terrorist Organization)**

1. From on or about January 30, 2021 to on or about February 14, 2021, in the Eastern District of Tennessee and elsewhere,

BENJAMIN ALAN CARPENTER, a/k/a "Abu Hamza"

defendant herein, knowingly attempted to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), namely, services, to wit, translation services, to a foreign terrorist organization, that is, the Islamic State of Iraq and al-Sham ("ISIS"), which at all relevant times has been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act ("INA"), and is currently designated as such as of the date of the filing of this Indictment, knowing that ISIS was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that ISIS engages and has engaged in terrorist activity (as defined in Section 212(a)(3)(B) of the INA), and that ISIS engages and has engaged in terrorism (as defined in Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

In violation of Title 18, United States Code, Section 2339B(a)(1).

## FORFEITURE ALLEGATIONS

2. As a result of committing the offense alleged in Count One of this Indictment, the defendant, BENJAMIN ALAN CARPENTER, a/k/a/ "Abu Hamza," shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), any and all assets, foreign and domestic, of the defendant; any and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said offense; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing said offense; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

Casey T. Arrowood
Assistant U.S. Attorney

3