UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-38-KAC-DCP |
| | ) | |
| BENJAMIN ALAN CARPENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. The parties appeared before the undersigned on April 25, 2022, for an arraignment on the Superseding Indictment and on Defendant's pro se Motion to Set Additional Motion Deadline [Doc. 76], filed April 24, 2022. Assistant United States Attorney Casey T. Arrowood represented the Government. Defendant Carpenter, who represents himself, appeared with elbow counsel Attorney Wade V. Davies.

In his motion, Defendant asks the Court to set a deadline for him to file motions or make any supplemental argument based on the Superseding Indictment. AUSA Arrowood said the Government does not object to the motion. The Court set a deadline of May 9, 2022, for Defendant to file any new motions or supplemental briefs relating to the Superseding Indictment. The Government shall respond on or before May 23, 2022, and Defendant may file a reply by May 31, 2022. The Court observed that it will need additional time, beyond these filing deadlines, to rule on the pending motions and any new motions filed by Defendant. Defendant Carpenter made an oral motion, through elbow counsel, for a trial continuance. Defendant asserted that a continuance is necessary for him to have time to analyze the Superseding Indictment and file motions or

supplemental briefs and for the Court to have a reasonable time to rule on his motions. The Government did not object to a continuance. The parties agreed on a new trial date of November 15, 2022.

The Court finds Defendant's oral motion to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A Superseding Indictment was filed on April 6, 2022 [Doc. 73]. The Court finds Defendant's request to file additional motions or briefs relating to the Superseding Indictment is not opposed by the Government and is well taken. The provision of new deadlines for motions and/or supplemental briefs, responses, and replies means that Defendant's motions will not be ripe for report and recommendation by the undersigned until May 31, 2022. *See* 18 U.S.C. § 3161(h)(1)(D). After the reply deadline, the Court will prepare a report and recommendation, the parties will file objections and responses, and the District Judge will rule on the motions in light of the report and filings. 18 U.S.C. § 3161(h)(1)(H). Once litigation of pretrial motions is complete, the parties may need additional time to prepare for trial. The Court finds that a short continuance is warranted to permit the litigation of pretrial motions, which cannot be completed by the August 23 trial date. Thus, the Court finds that without a continuance, the parties would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court has already found this case to be complex because it involves novel issues of fact and law, to include information that the Government seeks to withhold from discovery under the Classified Information Procedures Act [Doc. 32]. The Court finds that Defendant's pending pretrial motions raise novel issues of fact and law. Due to the nature of the prosecution and the

presence of novel issues of fact and law, the Court continues to find that "it is unreasonable to expect preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). This case remains complex for speedy trial purposes. *Id.*

Accordingly, Defendant's oral motion to continue the trial of this case is **GRANTED**, and the trial is continued to **November 15, 2022**. The Court finds that all the time between the filing of Defendant's motion to set a new motion deadline on April 24, 2022, and the new trial date of November 15, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's pro se Motion to Set Additional Motion Deadline [**Doc. 76**] is **GRANTED**;

(2) Defendant's deadline for filing motions or supplemental briefs in relation to the Superseding Indictment is **May 9, 2022**. The Government's deadline for responding to additional motions or briefs by Defendant is **May 23, 2022**. Defendant may file a reply on or before **May 31, 2022**;

(3) Defendant's oral motion to continue the trial is **GRANTED**;

(4) The trial of this matter is reset to commence on **November 15, 2022, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(5) All time between the filing of the motion to set a new motion deadline on **April 24, 2022**, and the new trial date of **November 15, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The deadline for filing a plea agreement in the record and for providing reciprocal discovery is **October 17, 2022**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **October 24, 2022, at 2:00 p.m.**;

(8) The deadline for filing motions *in limine* is **October 24, 2022**. Responses to motions *in limine* are due on **October 31, 2022**;

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 4, 2022**; and

(10) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Carpenter, who is in custody.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge