UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN ALAN CARPENTER<br>a/k/a "Abu Hamza" | Case No. 3:21-CR-38<br><br>Judges Crytzer / Poplin |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL
MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

On April 6, 2022, a Grand Jury in the Eastern District of Tennessee returned a one-count superseding indictment charging the Defendant with attempting to provide material support and resources to the Islamic State of Iraq and al-Sham (ISIS), a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B (Doc. 73). On May 6, 2022, the Defendant filed a Supplemental Motion to Dismiss the Superseding Indictment as Insufficient, Vague, Overbroad as Applied, and for Entrapment (Doc. 80).[1]

The superseding indictment satisfies Rule 7 of the Federal Rules of Criminal Procedure. Consistent with the Supreme Court's holding in *Humanitarian Law Project v. Holder*, 561 U.S. 1 (2010), the charge contained in the superseding indictment is neither vague as applied nor overbroad because the Defendant's alleged conduct involved an attempt to provide material support and resources to, in coordination with, and at the direction of, ISIS. Finally, the issue of

---

[1] In support of the Supplemental Motion to Dismiss the Superseding Indictment, the Defendant asks the Court to consider his motions to dismiss the original indictment (Docs. 40, 58, 59, and 64). Similarly, the United States respectfully incorporates by reference its responses in opposition to these motions which more fully address the Defendant's sufficiency, vagueness, overbreadth, and entrapment arguments (Docs. 43, 68).

entrapment should be left to the jury where, as here, the undisputed facts do not demonstrate a patently clear absence of predisposition. Accordingly, the Defendant's motion should be denied.

## I. The Superseding Indictment is Sufficient.

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[A]n indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The superseding indictment contains the elements of the charged offense and closely tracks the relevant statutory language from § 2339B. The superseding indictment charges that (1) the Defendant knowingly attempted to provide material support and resources to ISIS; (2) that the Defendant attempted to provide material support and resources to ISIS knowing that ISIS was a designated foreign "terrorist organization," that ISIS engages and has engaged in "terrorist activity," and that ISIS engages and has engaged in "terrorism," as these terms are defined in federal law; and (3) that ISIS was, during all times relevant to the superseding indictment, designated as a foreign terrorist organization by the U.S. Secretary of State. Since the superseding indictment contains the elements of the charged offense and tracks the statutory language, the Defendant is fairly informed of the charge against which he has to defend. *See Anderson*, 605 F.3d at 411 (concluding that the indictment fairly informed the defendant of the charge because it tracked the statutory language and contained the elements of the charged offense).

Moreover, the superseding indictment alleges the crime occurred during a specific fifteen-day period of time, identifies the type of material support and resources as "services," and further specifies the services the Defendant attempted to provide to ISIS as "translation services." Therefore, the Defendant is adequately able to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See id.* (concluding that the indictment satisfied the second prong of the *Hamling* test where it "included the relevant time period and the specific event that triggered the charge against [the defendant]").

Because the definition of "material support and resources" contained in 18 U.S.C. § 2339A(b)(1) includes any service, the Defendant's argument that the superseding indictment is insufficient because "translation services" is not specifically identified as an example of "material support or resources" is incorrect. Section 2339A(B)(1) defines "material support or resources" as "any property, tangible or intangible, or service." The definition then provides a list of examples by stating: "including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation." Contrary to the Defendant's assertion, the plain language of the statute makes clear that the term "material support or resources" includes any service.

The Supreme Court in *Humanitarian Law Project* clarified this point. In *Humanitarian Law Project*, the plaintiffs who included individuals and organizations seeking to support the lawful, nonviolent activities of a foreign terrorist organization, challenged 18 U.S.C. § 2339B on, among other things, vagueness and First Amendment grounds. 561 U.S. 1. In relevant part, the plaintiffs wished to perform political advocacy on behalf of a designated foreign terrorist

3

organization. *Id*. at 23. The Supreme Court held that such advocacy was prohibited by 18 U.S.C. § 2339B because such advocacy constituted a "service." *Id*. at 24 ("[A] person of ordinary intelligence would understand the term 'service' to cover advocacy performed in coordination with, or at the direction of, a foreign terrorist organization."). Advocacy, while not among the examples of "material support or resources" identified in 18 U.S.C. § 2339A(b)(1), is nevertheless a service the provision of which to a designated foreign terrorist organization is prohibited by 18 U.S.C. § 2339B.

Consistent with this view, the Sixth Circuit has similarly indicated that the term "services" in the context of "material support or resources" is not limited to the examples listed in 18 U.S.C. § 2339A(b)(1). In *United States v. Hendricks*, the Court, citing *Humanitarian Law Project*, stated, "although there is no applicable statutory definition, the Supreme Court has explained that the term 'service' also refers to 'concerted activity,' including **any** 'act done for the benefit or at the command of a foreign terrorist organization." 950 F.3d 348, 353 (6th Cir. 2020) (citing *Humanitarian Law Project*, 561 U.S. at 23-24) (emphasis added).

In his Supplemental Motion to Dismiss the Superseding Indictment, the Defendant cites *United States v. Abu Khatallah*, 151 F. Supp. 3d 116 (D.D.C. 2015), for the proposition that the examples in the definition of "material support or resources" in § 2339A(b)(1) are exhaustive. (Doc. 80 at 2.) The Defendant's reliance on *Abu Khatallah* is misplaced.

Abu Khatallah was charged with several federal crimes arising out of his involvement in the attack on the United States mission in Benghazi, including two counts of providing material support to terrorists in violation of 18 U.S.C. § 2339A. *Abu Khatallah*, 151 F. Supp. 3d at 120-22. Unlike 18 U.S.C. § 2339B, the charge the Defendant faces in this case which makes it a crime to provide material support or resources to a designated foreign terrorist organization,

4

§ 2339A makes it a crime to provide material support or resources knowing that the material support or resources are going to be used in preparation for, or in carrying out, a number of identified predicate federal crimes.[2]

In relevant part, Abu Khatallah challenged the § 2339A counts on vagueness grounds which the court rejected. In rejecting the vagueness challenge, the court noted that § 2339A "provides an exhaustive list of federal crimes for which a person can be charged for providing 'material support'—a term which courts have consistently found to be clear and definite." *Id.* at 141 (citing *Humanitarian Law Project*, 561 U.S. at 20-25). The court's reference to "an exhaustive list of federal crimes" clearly refers to the list of identified predicate federal crimes listed in § 2339A and not, as the Defendant suggests, the definition of "material support or resources" contained in § 2339A(b)(1).

By arguing that the term "service" in the definition of "material support or resources" contained in § 2339A(b)(1) is limited to the examples contained therein, the Defendant is asking this Court to ignore the plain language of the statute, disregard the Supreme Court's holding in *Humanitarian Law Project*, and reject the Sixth Circuit's discussion of "service" in *Hendricks*.

---

[2] 18 U.S.C. § 2339A provides:
(a) Offense
Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, in carrying out, a violation of section 32, 37, 81, 175, 229, 351, 831, 842(m) or (n), 844(f) or (i), 930(c), 956, 1091, 1114, 1116, 1203, 1361, 1362, 1363, 1366, 1751, 1992, 2155, 2156, 2280, 2281, 2332, 2332a, 2332b, 2332f, 2340A, or 2442 of this title, section 236 of the Atomic Energy Act of 1954, section 46502 or 60123(b) of title 49, or any offense listed in section 2332b(g)(5)(B) (except for sections 2339A and 2339B) or in preparation for, or in carrying out, the concealment of an escape from the commission of any such violation, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life.

5

This Court should decline the Defendant's invitation to do so and deny the Defendant's Supplemental Motion to Dismiss the Superseding Indictment as insufficient.

II. **The Defendant's Vagueness, Overbreadth, and Entrapment Challenges Should Be Denied.**

For the reasons stated above and in the government's response to the Defendant's motions to dismiss the original indictment (Doc. 68), the charge contained in the superseding indictment is not vague as applied to the Defendant. Additionally, as set forth in the government's response to the Defendant's motions to dismiss the original indictment (Doc. 68), the charge contained in the superseding indictment is not overbroad nor was the Defendant entrapped as a matter of law.

## CONCLUSION

For the reasons stated herein and in the government's response to the Defendant's motions to dismiss the original indictment, the Defendant's Supplemental Motion to Dismiss the Superseding Indictment as Insufficient, Vague, Overbroad as Applied, and for Entrapment should be denied.

Respectfully submitted on May 23, 2022.

                                              FRANCIS M. HAMILTON III
                                              UNITED STATES ATTORNEY

By: */s/ Casey T. Arrowood*
      Casey T. Arrowood
      Assistant United States Attorney
      TN BPR No. 038225
      800 Market Street, Suite 211
      Knoxville, TN 37902
      (865) 545-4167
      Casey.Arrowood2@usdoj.gov