IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-CR-38-KAC-DCP |
| BENJAMIN ALAN CARPENTER, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on the parties' Joint Motion to Continue Trial Date [Doc. 93], filed on October 5, 2022. The parties ask the Court to continue the November 15, 2022 trial date to allow sufficient time to complete litigation and prepare for trial. The parties agree that a continuance would further the interests of justice and that all time would be excludable under the Speedy Trial Act. They ask the Court to grant a continuance and allow them to confer on the new trial date.

On July 15, 2022, the Court granted Defendant's motion to appoint elbow counsel as his counsel of record going forward in this case [Doc. 87].[1] In the instant motion to continue, Defendant argues that defense counsel needs time to confirm that he has reviewed all materials, to consult with Defendant, and to prepare the defense. The motion also notes that defense counsel has a heavy case load through early 2023, including several trials.

The Government, too, added new counsel in this case, with Assistant United States Attorney Kyle J. Wilson entering an appearance on October 3, 2022 [Doc. 91]. In the joint motion,

---

[1] The Court ordered this motion be granted *nunc pro tunc* to June 15, 2022, the date of the filing of Defendant's motion [Doc. 87].

AUSA Wilson seeks time to familiarize himself with the case and hone the Government's trial presentation.

Additionally, both parties note that the Court has certain pretrial matters under consideration, namely the undersigned's Report and Recommendation [Doc. 89] on Defendant's pending motions to dismiss the Indictment and the undersigned's Report and Recommendation [Doc. 92] on the Government's ex parte motion under section 4 of the Classified Information Procedures Act ("CIPA") [Doc. 61]. The parties seek additional time for resolution of these matters, which they state may materially affect the scope of this case and the need for pretrial motion practice.

Defendant Carpenter is charged in the Superseding Indictment [Doc. 73] with knowingly attempting to provide material support and resources, specifically translation services, to the Islamic State of Iraq and al-Sham ("ISIS"), which he knew to be a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). Defendant represented himself, with the assistance of elbow counsel, for approximately ten months, including at the motion hearing on his dispositive motions. The Court has previously found this case to be complex for speedy trial purposes because it involves novel issues of fact and law, to include information that the Government seeks to withhold from discovery under CIPA [Doc. 32].

Due to the complexity of the case, the serious nature of the charges, and the presence of novel issues of law and fact, the Court finds the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The parties await rulings on novel issues of law and fact. Thus, the Court continues to find this case to be complex for Speedy Trial purposes. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court also finds that a trial continuance is warranted for counsel for both parties to have the

2

Case 3:21-cr-00038-KAC-DCP   Document 96   Filed 10/07/22   Page 2 of 3   PageID #: 743

reasonable time necessary to prepare for trial, despite the use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the joint motion to continue the trial [**Doc. 93**] is **GRANTED**.

Counsel for both parties are **ORDERED** to confer and submit to the Court a proposed, agreed supplemental scheduling order, proposing a new trial date[2] and schedule. The proposed, agreed supplemental scheduling order shall be submitted to the Court, as an attachment to a motion, on or before **October 21, 2022**.

In summary, the Court **ORDERS** as follows:

(1) The parties' Joint Motion to Continue Trial Date [**Doc. 93**] is **GRANTED**;

(2) The November 15, 2022 trial in this case is **CONTINUED**;

(3) Counsel for the Government and Defendant Carpenter are **ORDERED** to confer and submit to the Court a proposed, agreed supplemental scheduling order, proposing a new trial date (after conferral with District Judge Crytzer's Chambers) and schedule; and

(4) The proposed, agreed supplemental schedule shall be attached to a motion and shall be filed on or before **October 21, 2022**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] Counsel should contact the District Judge's Chambers to confirm the availability of an agreed proposed trial date.